DANIEL V. STEENSON
[Idaho State Bar No. 4332]
DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
RINGERT LAW CHARTERED
455 South Third Street
P. O. Box 2773
Boise, Idaho  83701-2773
Telephone:  (208) 342-4591
Facsimile:   (208) 342-4657
E-mail: dpc@ringertlaw.com

Attorneys for Defendants Jack Whitworth
and Whitworth Ranches, Inc.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO (EASTERN DIVISION)

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT**, <br><br> Plaintiff, <br><br> vs. <br><br> **U.S. FISH AND WILDLIFE SERVICE**, **NOAA FISHERIES**, **U.S. FOREST SERVICE**, **JACK WHITWORTH**, and **WHITWORTH RANCHES, INC.**, <br><br> Defendants. | Case No. 4:12-CV-00197-BLW <br><br> **ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC.** |

**COMES NOW** the Defendants, Jack Whitworth and Whitworth Ranches, Inc. (herein,

collectively, "Defendants"), by and through their attorneys of record, Ringert Law Chartered, and

in answer to the *Complaint*, Dkt. 1, filed April 18, 2012, respond as follows:

//


ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 1

## RULE 12 DEFENSES

### 1

The Complaint fails to state a claim upon which relief can be granted and therefore ought to be dismissed pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

## GENERAL DENIALS

### 2

Defendants deny each and every allegation and averment contained in the Complaint not expressly admitted herein.

### 3

Paragraph 1 of the Complaint sets forth a legal conclusion and/or summary to which no response is required, but to the extent response is required, the allegations are denied.

### 4

Paragraph 2 of the Complaint is denied.

### 5

The first sentence of paragraph 3 of the Complaint is admitted, but the remainder of the allegations at said paragraph are denied.

### 6

Paragraphs 4 and 5 of the Complaint set forth a legal conclusion and/or summary to which no response is required, but to the extent response is required, the allegations are denied.

### 7

Paragraphs 6 and 7 of the Complaint are denied.

**8**

Paragraphs 8, 9 and 10 of the Complaint set forth a legal conclusion and/or summary to which no response is required, but to the extent response is required, the allegations are denied.

**9**

With respect to paragraph 11 of the Complaint, the referenced "notice" speaks for itself and to the extent the allegations mischaracterize the "notice," the allegations are denied.

**10**

Paragraph 12 of the Complaint sets forth a legal conclusion and/or summary to which no response is required, but to the extent response is required, the allegations are denied.

**11**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged at paragraphs 13 through 18 of the Complaint, and they are therefore denied.

**12**

Paragraph 19 of the Complaint is admitted.

**13**

The first, second and third sentence of paragraph 20 of the Complaint is admitted, while the remainder is denied.

**14**

Paragraphs 21 through 38 of the Complaint set forth a legal conclusion and/or summary to which no response is required, but to the extent response is required, the allegations are denied.

//

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 3

**15**

Paragraph 39 of the Complaint is admitted.

**16**

With respect to paragraphs 40 through 42 of the Complaint, Defendants adopt and incorporate by reference the answers to said allegations set forth by the Federal Defendants in their *Answer*, Dkt 14, previously filed in this action on July 11, 2012.

**17**

Paragraph 43 of the Complaint is denied.

**18**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged at paragraph 44 of the Complaint, and they are therefore denied.

**19**

Paragraph 45 of the Complaint is denied.

**20**

With respect to paragraphs 46 through 69 of the Complaint, Defendants adopt and incorporate by reference the answers to said allegations set forth by the Federal Defendants in their *Answer*, Dkt 14, previously filed in this action on July 11, 2012.

**21**

Paragraph 70 of the Complaint is admitted.

**22**

With respect to paragraphs 71 through 156 of the Complaint, Defendants adopt and

incorporate by reference the answers to said allegations set forth by the Federal Defendants in their *Answer*, Dkt 14, previously filed in this action on July 11, 2012.

**23**

With respect to the allegations set forth at paragraphs 158 through 161 of the Complaint, the allegations are directed at a party other than these Defendants, but to the extent a response from these Defendants is required, the allegations are denied.

**24**

In answer to paragraph 162 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 161 of the Complaint.

**25**

With respect to the allegations set forth at paragraphs 163 through 167 of the Complaint, the allegations are directed at a party other than these Defendants, but to the extent a response from these Defendants is required, the allegations are denied.

**26**

In answer to paragraph 168 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 167 of the Complaint.

**27**

With respect to the allegations set forth at paragraphs 169 through 171 of the Complaint, the allegations are directed at a party other than these Defendants, but to the extent a response from these Defendants is required, the allegations are denied.

//

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 5

**28**

In answer to paragraph 172 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 171 of the Complaint.

**29**

With respect to the allegations set forth at paragraphs 173 through 180 of the Complaint, the allegations are directed at a party other than these Defendants, but to the extent a response from these Defendants is required, the allegations are denied.

**30**

In answer to paragraph 181 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 180 of the Complaint.

**31**

Paragraphs 182, 183 and 184 of the Complaint are denied.

**32**

Defendants deny that Plaintiff is entitled to the relief requested by way of the "Prayer for Relief" set forth in the Complaint.

**33**

Defendants deny each and every allegation and averment of the Complaint not above-addressed.

//

//

//

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 6

<u>AFFIRMATIVE DEFENSES</u>

**34**

**(Adoption of Defenses of Other Parties)**

Defendants adopt and incorporate by reference any and all affirmative defenses to the Complaint set forth by the Federal Defendants in their *Answer*, Dkt 14, previously filed in this action on July 11, 2012.

**35**

**(Compliance)**

Plaintiff should be denied all or part of the relief it seeks by way of the Complaint for the reason that Defendants complied with all of the regulatory and /or contractual requirements imposed upon them incident to the subject grazing activities.

**36**

**(Statutory Compliance)**

Plaintiff should be denied all or part of the relief it seeks by way of the Complaint for the reason that Defendants were in compliance with applicable local, state and federal laws, policies, regulations and guidelines incident to the subject grazing activities.

**37**

**(Incidental Take Authorized)**

Plaintiff should be denied all or part of the relief it seeks by way of the Complaint for the reason that the subject grazing activities were conducted under authority of validly issued incidental take statements and/or permits.

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 7

**38**

**(Reservation of Additional Affirmative Defenses)**

Pursuant to Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE, all possible affirmative

defenses may not have been alleged and set forth herein because sufficient facts are not available at

this time to form an adequate factual basis for the defenses, after Defendants have made reasonable

inquiry to obtain such facts.  Therefore, Defendants reserve the right to raise additional affirmative

defenses as fact-gathering and discovery in this matter progresses.

COURT COSTS AND ATTORNEY FEES

**39**

Pursuant to 16 U.S.C. § 1540, and other applicable federal law and rules, Defendants are

entitled to an award of litigation expenses and court costs incurred relative to the defense of this

action.

**40**

In order to defend against this action, Defendants have retained the attorney services of

Ringert Law Chartered.

**41**

Pursuant to 16 U.S.C. § 1540, and other applicable federal law and rules, Defendants are

entitled to an award of litigation expenses and reasonable attorney fees incurred relative to the

defense of this action.

**WHEREFORE**, Defendants **PRAY** that Plaintiff take nothing in or by way of the

Complaint, that the same be dismissed with prejudice, and that Defendants be awarded their court

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 8

costs, reasonable litigation expenses and reasonable attorney fees incurred herein.

**DATED** this 3rd day of December, 2012.

RINGERT LAW CHARTERED

by:_____/s/_____
Daniel V. Steenson
David P. Claiborne

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following on this 3rd day of December, 2012 by the following method:

**LAUREN M. RULE**                     [__] U.S. First Class Mail, Postage Prepaid
**KRISTIN F. RUETHER**                 [__] U.S. Certified Mail, Postage Prepaid
**ADVOCATES FOR THE WEST**             [__] Federal Express
P.O. Box 1612                          [__] Hand Delivery
Boise, Idaho 83701                     [__] Facsimile
Telephone: (208) 342-7024              [_X_] Electronic Mail or CM/ECF
Facsimile: (208) 342-8286
E-Mail: lrule@advocateswest.org
*Attorneys for Plaintiff*

**ERIK E. PETERSEN**                   [__] U.S. First Class Mail, Postage Prepaid
**U.S. DEPT. OF JUSTICE**              [__] U.S. Certified Mail, Postage Prepaid
Ben Franklin Station, P.O. Box 7611    [__] Federal Express
Washington, D.C. 20044-6711            [__] Hand Delivery
Telephone: (202) 305-0339              [__] Facsimile
Facsimile: (202) 305-0275              [_X_] Electronic Mail or CM/ECF
E-Mail: erik.petersen@usdoj.gov
*Attorneys for Plaintiff*

_____/s/_____
Daniel V. Steenson
David P. Claiborne

ANSWER OF DEFENDANTS JACK WHITWORTH AND WHITWORTH RANCHES, INC. - 9